JOHN R. MILLS *v.* IVY PRITCHETT.
[No. 29, April Term, 1930.]

*Decided June 11th, 1930.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William N. Andrews,* for the appellant.

*Harrington & Harrington,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

John R. Mills, the appellant, sued Ivy Pritchett, the appellee, to recover an alleged loan of $150, which he testified was made about the 10th of February, 1927. She denied he had ever lent or given her the money.

The suit was on the common counts, and the jury rendered a verdict in favor of the defendant. The docket entries do not show that judgment was entered on the verdict, but the order for an appeal is "from the judgment in the case"; so,

as no suggestion was made to the contrary by appellee, we will assume judgment was entered in the regular course.

There were no prayers, and the eleven exceptions were to rulings of the trial court on questions asked the plaintiff on cross-examination.

The only objections by appellant are that the questions objected to were not proper on cross-examination, as they had no bearing on the examination in chief. Appellee argues that the questions were proper as tending to elicit answers which would show strained relations existing between the parties a month or two before the alleged loan. It seems plaintiff had been paying attention to defendant for some months before the date of the alleged loan. The contention of appellee is that the friendly relations between them ceased because of her receiving visits from another man, from which a quarrel resulted. The argument is that the first ten exceptions related to this quarrel and the information sought was intended to show the improbability of a loan having been made so soon thereafter. We think that line of inquiry was proper. The only witnesses were the plaintiff and defendant, and the question was which was telling the truth. Anything which would reflect upon the reasonableness of the plaintiff's story was proper on cross-examination. In any event the rulings were not prejudicial, as the answers were denials of the facts suggested by the questions.

The eleventh exception was to the question "Did you offer to give her an automobile?" The purpose of this question was to elicit an affirmative answer, and to furnish the basis of an argument that, if defendant received any money from the plaintiff, it was more likely to have been as a gift than a loan. This seems a little overdrawn, but as the answer was "No, sir," no harm was done.

*Judgment affirmed, with costs to appellee.*